# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**CINDY TOMLINSON,**

    **Plaintiff,**　　　　　　　　　　**CASE NO.:**

**v.**

**FLORIDA WHOLESALE DISTRIBUTORS,
INC. d/b/a ABE PAINTS and
ROBERT WATSON, Individually,**

    **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CINDY TOMLINSON("Plaintiff"), hereby sues Defendants, FLORIDA WHOLESALE DISTIBUTORS, INC. d/b/a ABE PAINTS, and ROBERT WATSON, Individually, (hereinafter after as "Defendants") and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 13679(a).

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, CINDY TOMLINSON, is an adult and a resident of Hillsborough County, Florida.

4. Defendant, FLORIDA WHOLESALE DISTIBUTORS, INC. d/b/a ABE PAINTS, is a Florida corporation authorized and doing business in this Judicial District.

5. Defendant, FLORIDA WHOLESALE DISTIBUTORS, INC. d/b/a ABE PAINTS, is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A), because it has employees engaged in commerce or in the production of good for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and because it has an annual gross volume of sales made or business done greater than $500,000.00.

6. Defendant, ROBERT WATSON, was an officer, director, manager, owner, and/or operator of Defendant, FLORIDA WHOLESALE DISTIBUTORS, INC. d/b/a ABE PAINTS, and was directly involved in the day-to-day operations of FLORIDA WHOLESALE DISTIBUTORS, INC. d/b/a ABE PAINTS, had direct responsibility for the supervision of Plaintiff, as well as control over the compensation paid to Plaintiff, and individually took the adverse employment action against Plaintiff's complaint of herein, and therefore, is individually liable

for the violations of law complained of herein pursuant to the FLSA.

7. As part of Plaintiff's duties for the Defendants, Plaintiff regularly engaged in commerce, handled goods in commerce, and the production of goods for commerce. Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(2) and Section 448.08, Florida Statutes, Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d) and Section 448.08, Florida Statutes, and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g) and Section 448.08, Florida Statutes.

8. Defendants are employers within the meaning of 29 U.S.C. of § 203(d), and subject to the Fair Labor Standards Act.

## FACTUAL ALLEGATIONS

9. Plaintiff was employed by Defendants from approximately August 2011 to March 11, 2021. At all times material to this case, Plaintiff worked for Defendants as a full time Manager.

10. In this role, Plaintiff was paid $850.00 per week.

11. Plaintiff worked more than forty (40) hours per work week during her employment with Defendants for which she was not compensated by Defendant at a rate of time and one half her regular hourly rate.

12. Despite Defendants obligations as an employer, Defendants failed to keep accurate records of hours worked by Plaintiff even though they knew, or

should have known, that Plaintiff was working in excess of forty (40) hours per work week.

13. Records, documents, and other evidence which reflect the actual number of hours worked by Plaintiff are in the possession of Defendant and will be obtained in discovery.

14. Plaintiff requested her unpaid wages from Defendants and to date she has not been compensated.

15. Plaintiff has retained the services of Florin Gray Bouzas Owens, LLC and is obligated to pay his legal counsel a reasonable fee for their services.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

16. Plaintiff CINDY TOMLINSON re-alleges paragraphs one (1) through fifteen (15) as though set forth fully herein.

17. Defendants are subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

18. Defendants, FLORIDA WHOLESALE DISTIBUTORS, INC. d/b/a ABE PAINTS, and ROBERT WATSON are a common enterprise and/or joint employers of Plaintiff, engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or

produced for commerce, and (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

19. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

20. Throughout her employment with Defendants, Plaintiff worked in excess of forty (40) hours per week, for which she was not compensated at the overtime rate.

21. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendants.

22. Defendants' failure to pay Plaintiff overtime at a rate less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week violates the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. § 207.

23. Defendants knew or had reason to know that Plaintiff performed work outside of her regular schedule and therefore worked in excess of forty (40) hours per work week.

24. Defendants' violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff.

25. As a direct result of Defendants' violations of the FLSA, Plaintiff

suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA, and has incurred reasonable attorneys' fees and costs.

26.   As a result of Defendants' violations of the FLSA, Plaintiff is entitled liquidated damages.

27.   Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, CINDY TOMLINSON, demands a trial by jury and judgment against Defendants, FLORIDA WHOLESALE DISTIBUTORS, INC. d/b/a ABE PAINTS, and ROBERT WATSON, Individually, for the following relief and damages:

    a.   Overtime compensation in the amount due to her for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

    b.   Liquidated damages in an amount equal to the overtime award;

    c.   Prejudgment interest;

    d.   Reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e.   A judicial determination that the FLSA was violated and an adjudication on the merits of the case;

    f.   Any other further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

28.   Plaintiff, CINDY TOMLINSON, requests a jury trial on all issues so

triable.

Dated this 3rd of June 2021

                              **FLORIN GRAY BOUZAS OWENS, LLC**

                              */s/Christopher D. Gray*
                              **CHRISTOPHER D. GRAY, ESQUIRE**
                              Florida Bar No.: 902004
                              Primary:  chris@fgbolaw.com
                              Secondary:  debbie@fgbolaw.com
                              **WOLFGANG M. FLORIN, ESQUIRE**
                              Florida Bar No.: 907804
                              wolfgang@fgbolaw.com
                              16524 Pointe Village Drive, Suite 100
                              Lutz, FL 33558
                              Telephone (727) 254-5255
                              Facsimile (727) 483-7942
                              Attorneys for Plaintiff