UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CINDY TOMLINSON,

    Plaintiff,

v.                                          Case No: 8:21-cv-1344-TPB-JSS

FLORIDA WHOLESALE
DISTRIBUTORS, INC. D/B/A ABE
PAINTS and ROBERT WATSON,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the parties' Joint Motion to Approve Settlement ("Motion"). (Dkt. 19.) On June 3, 2021, Plaintiff filed her Complaint against Defendants, alleging unpaid overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. (Dkt. 1.) In this Motion, the parties seek the Court's approval of a proposed settlement agreement ("Settlement Agreement"). (Dkts. 19, 20.) After reviewing the Motion and Settlement Agreement (Dkt. 20-1), the undersigned recommends that the Settlement Agreement be approved in part and the case be dismissed with prejudice.

## APPLICABLE STANDARDS

Claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for

fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). Therefore, in any FLSA case, the court must review the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Id.* at 1354–55. When evaluating whether a compromise is fair and reasonable, the court may consider: (1) whether the terms of the settlement were fully and adequately disclosed; (2) the parties' justification for reaching a settlement and compromising the plaintiff's claims; and (3) whether attorney's fees were agreed upon separately and without regard to the amount paid to the plaintiff. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

## ANALYSIS

This case involves disputed issues of liability and damages under the FLSA, which constitutes a bona fide dispute. (Dkt. 1.) Plaintiff alleges that she worked for Defendants from approximately August 2011 to March 11, 2021 and during that time worked overtime hours for which she was not paid. (*Id.*) Defendants deny that Plaintiff worked overtime hours for which she did not receive compensation. (Dkt. 11.) The undersigned therefore finds a bona fide dispute.

Under the proposed Settlement Agreement, Defendants agreed to pay Plaintiff $5,500, designated by the parties as compensatory wages, inclusive of back pay, front pay, and other economic damages, if any, and $4,500 in attorney's fees and costs. (Dkt. 20-1 at 1–2.) The parties represent that the attorney's fees and costs were addressed and negotiated separately from Plaintiff's recovery. (Dkts. 19, 20-1.)

In FLSA cases, the court is required to review the reasonableness of counsel's fee to assure that counsel is compensated adequately and that no conflict of interest arises between counsel's compensation and the amount the employee recovers under the settlement. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam). However, if the matter of attorney's fees is addressed separately and independently from the plaintiff's recovery and the settlement appears fair, then the court may approve the settlement without separately considering the reasonableness of counsel's fees. *Bonetti*, 715 F. Supp. 2d at 1228; *see also Rezendes v. Domenick's Blinds & Decor, Inc.*, No. 8:14-cv-01401-T-33JSS, 2015 WL 4478138, at *2 (M.D. Fla. July 21, 2015) (applying the reasoning in *Bonetti*); *Thede v. B&D Waterblasting Co.*, No. 6:15-cv-00033-ORL-28GJK, 2015 WL 4590593, at *3 (M.D. Fla. July 28, 2015) (same). In light of counsel's representation, the undersigned finds that the attorney's fees and costs were addressed separately and independently of Plaintiff's recovery and the settlement appears fair.

In section 4(a) of the Settlement Agreement, the parties included a release by Plaintiff of any past or present claims against Defendants arising under the FLSA. (Dkt. 20-1 at 2.) Courts in this district commonly reject proposed FLSA settlements that include a general release of any and all claims a plaintiff may have against a defendant. *See Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1348-53 (M.D. Fla. 2010) (finding that agreement that includes a non-cash concession by an employee affects both the fairness and full compensation component of a settlement and thus rejecting

a proposed settlement agreement containing a "pervasive release"); *Owens v. SSRMI, LLC*, No. 5:16-cv-15-OC-PGB-PRL, 2017 WL 2190646, at *2 (M.D. Fla. Apr. 28, 2017) ("[T]he unexplained inclusion of a general release in a FLSA settlement often results in a finding that the settlement is not fair and reasonable.")  Here, however, the parties have appropriately limited the scope of the release to apply only to past and present claims Plaintiff may have against Defendants arising under the FLSA.  *See Chammaml v. Acropolis Mediterranean Food Inc.*, No. 8:19-cv-01459-T-36SPF, 2020 WL 6586653, at *2 (M.D. Fla. Nov. 10, 2020) (approving a similarly limited release); *Franks v. Kanagasabapathy*, No. 6:19-cv-377-ORL-78EJK, 2019 WL 11502885, at *3 (M.D. Fla. Oct. 16, 2019), *report and recommendation adopted,* No. 6:19-cv-377-ORL-78EJK, 2019 WL 11502887 (M.D. Fla. Nov. 5, 2019) (same); *Samara v. Int'l Food Club, Inc.*, No. 6:14-cv-2111-ORL-31KRS, 2015 WL 6121551, at *1 (M.D. Fla. Oct. 15, 2015) (same).  Therefore, the undersigned finds that the limited release in section 4(a) of the Settlement Agreement is permissible.

The Settlement Agreement also includes a release of individual remedies that may be recouped in an administrative claim and a class action waiver in sections 4(b) and 4(c).  (Dkt. 20-1 at 2.)  The release of individual remedies provides:

> Nothing in this Agreement prohibits or prevents Employee from a filing a charge with, or participating, testifying, or assisting in, any federal, state, or local government agency. However, to the maximum extent permitted by law, Employee agrees that if such an administrative claim is made, Employee shall not be entitled to recover any individual monetary or otherwise individual remedies.

(*Id.* at 2.) The class action waiver provides:

> If any claim is not subject to release, to the extent permitted by law, Employee waives any right or ability to be a class or collective class action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding phased on such a claim in which [Defendants are] a party.

(*Id.*). These provisions do not include any tether to Plaintiff's employment, any temporal limitation, or any other connection to Plaintiff's FLSA claims. Additionally, the parties do not explain whether the release and waiver are supported by separate consideration.

As noted above, courts will not approve FLSA settlement agreements that include a "gratuitous concession in exchange for the required payment." As explained by the court in *Moreno v. Regions Bank*, a gratuitous concession by the employee is unfair because "(1) the FLSA obligates the employer without exception or condition to pay the full amount owed [under the FLSA] and (2) a valuable, non-cash concession extended to the employer in exchange for otherwise 'full compensation' effectively reduces the employer's payment by an amount equal to the value of the concession (and accordingly reduces the employer's payment to less than 'full compensation')." *Moreno*, 729 F. Supp. 2d at 1348–49. This issue typically arises in the context of a general or pervasive release, wherein an employee plaintiff relinquishes any and all claims against an employer defendant, known or unknown. The court explained in *Moreno* why a broad release is problematic in a FLSA settlement:

> The general release is usually an instrument to ensure peace of mind to the employer's otherwise worried mind. In the occasional case, however, an unknown claim accrues to the employee. For example, suppose an employee of a widget factory sues the employer for unpaid wages, the parties settle for $500.00, and the employee agrees to a pervasive release. Years later, the employee discovers that a chemical used to manufacture widgets has caused serious injury. In this instance, the employee's release of the unknown claim (if effective) both confers an undeserved and disproportionate benefit on the employer and effects an unanticipated, devastating, and unfair deprivation on the employee. The release absolves the employer of an ominous contingent liability in exchange for $500.00 (which, in any event, the employer unconditionally owed to the employee).
>
> An employee who executes a broad release effectively gambles, exchanging unknown rights for a few hundred or a few thousand dollars to which he is otherwise unconditionally entitled. In effect, the employer requests a pervasive release in order to transfer to the employee the risk of extinguishing an unknown claim.

*Id.* at 1351. The individual remedies release and class action waiver in the instant Settlement Agreement accomplish the same purpose and present the problem described in *Moreno*: Defendants receive peace of mind, but Plaintiff "gambles" by exchanging unknown rights for a sum to which she is already entitled. These waivers in the Settlement Agreement could encompass a myriad of yet unknown claims Plaintiff may have against Defendants. As such, although the parties properly limited the "release" to Plaintiff's FLSA claims as explained above, the individual remedies release and class action waiver would bestow an improper benefit upon Defendants. *See Emrani v. Fairfield Fam. Care, LLC*, No. 3:17-cv-00981 (VAB), 2017 WL 6347978,

at *3 (D. Conn. Nov. 21, 2017) (concluding that a broad class action waiver implicated "the same concerns" as a general release).  Notably, some courts have approved broad releases or waivers where the plaintiff received separate consideration in exchange for the release.  *See Weldon v. Backwoods Steakhouse, Inc.*, No. 6:14-cv-00079-ORL-37TBS, 2014 WL 4385593, at *1, 4 (M.D. Fla. Sept. 4, 2014) (approving FLSA settlement with a general release because the plaintiffs received independent compensation in exchange for the general release).  However, the parties have not identified any consideration to Plaintiff independent from the sum to be paid as compensatory wages.  Accordingly, the undersigned finds that sections 4(b) and 4(c) are not permissible.

Similarly, the Settlement Agreement contains a non-disparagement clause. (Dkt. 20-1 at 3.)  "Courts that have analyzed the issue of non-disparagement clauses in FLSA settlement agreements have also generally rejected them."  *Weldon*, WL 4385593, at *4.  "Provisions in a FLSA settlement agreement that call for keeping the terms of the settlement confidential or prohibiting disparaging remarks contravene FLSA policy and attempt to limit an individual's rights under the First Amendment." *Housen v. Econosweep & Maint. Servs., Inc.*, No. 3:12-cv-461-J-15TEM, 2013 WL 2455958, at *2 (M.D. Fla. June 6, 2013); *see Garcia v. Regis Corp.*, No. 6:15-cv-1621-ORL-GJK, 2016 WL 11578475, at *4 (M.D. Fla. Mar. 28, 2016) (striking sentence that would preclude the plaintiff from defaming or disparaging the defendant). However, as noted above, courts may find such non-cash concessions enforceable where they are supported by additional consideration.  *Weldon*, WL 4385593, at *4.

In this case, the parties do not address whether the non-disparagement clause is supported by separate consideration. As such, the undersigned finds that the non-disparagement clause is not permitted.

The Settlement Agreement contains a severability provision under which the agreement may be enforced notwithstanding a court's determination that the provision is void. (Dkt. 20-1 at 4.) *See Viera v. FTS USA, LLC*, No. 6:14-cv-734-ORL-41GJK, 2018 WL 1139058, at *2 (M.D. Fla. Mar. 2, 2018) (striking confidentiality provision but approving settlement agreement). Therefore, the undersigned recommends that the Court strike from the Settlement Agreement the provisions that are void or unenforceable, including the individual remedies release, class action waiver, and non-disparagement clause. *See, e.g.*, *Holley v. Sebek Kirkman LLC*, No. 6:15-cv-1626-ORL-40GJK, 2016 WL 3247589, at *5 (M.D. Fla. May 26, 2016) ("[P]ursuant to the severability clause, the Court may strike the Plaintiff's general release, the confidentiality provision, and the mutual non-disparagement covenant from the Agreement without impacting the enforceability of the remainder of the Agreement."), *report and recommendation adopted*, No. 6:15-cv-1626-ORL-40GJK, 2016 WL 3231232 (M.D. Fla. June 13, 2016).

Accordingly, it is **RECOMMENDED** that:

1. The Joint Motion for Approval of FLSA Settlement (Dkt. 19) be **GRANTED IN PART** and **DENIED IN PART** to the extent stated herein.

2. The Settlement Agreement and Release (Dkt. 20-1) be **APPROVED**, with the exception of the individual remedies release (section 4(b)), class action waiver (section 4(c)), and non-disparagement clause (section 8).

3. The individual remedies release, class action waiver, and non-disparagement clause of the Settlement Agreement be **STRICKEN**.

4. Plaintiff's claims against Defendants be **DISMISSED** with prejudice.

**IT IS SO REPORTED** in Tampa, Florida, on February 11, 2022.

                                                        _____
                                                        JULIE S. SNEED
                                                        UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Thomas P. Barber
Counsel of Record